Dear State Fire Marshal Bella,
This office is in receipt of your request for an opinion of the Attorney General. In particular, you asked the following questions:
 1.) Whether the amendments to Louisiana Revised Statutes 40:1662.6 and 40:1662.7 prospectively require treatment of a Code of Criminal Procedure Art. 893 disposition different than any other modes of disposition mentioned in the amendments? Specifically, whether the ten year cleansing period applies to Code of Criminal Procedure Art. 893?
The questions presented are guided by Louisiana Revised Statutes 40:1662.6 and 40:1662.7, as amended, and Louisiana Legislative Session 1999, Act No. 1136, House Bill No. 1574.
In answering your question, this office has turned to the language of Louisiana Revised Statutes 40:1662.6(B)(6b) and 1662.7(C)(2b), as amended by House Bill 1574, Act 1999, No. 1136, for a strict textual interpretation of the statute. The amended portions of the statute refers to any felony convictions of an owner, partner, officer, principal, or other person with an interest in an alarm contracting company. The questioned language reads, in pertinent part:
 "(6)(a) A statement that no owner, partner, or other officer or principal with an interest in the company has been convicted of a felony, has received a first-offender pardon for a felony, or has entered a plea of guilty or nolo contendere to a felony charge.
 (b) A conviction or a plea of guilty or nolo contendere shall not constitute an automatic disqualification as otherwise required pursuant to Subparagraph (a) if ten or more years has elapsed between the date of application and the successful completion or service of any sentence, deferred adjudication, or period of probation or parole, Code of Criminal Procedure Article 893 or equivalent judicial dismissal process granted.
 (c) Subparagraph (b) shall not apply to any person convicted of a crime of violence as defined in R.S. 14:2(13).
 (d) The office of state fire marshal may consider the seriousness and circumstances of the offense and subsequent arrests."
Yes, the ten year period does apply to Code of Criminal Procedure Article 893. The language of the statute is interpreted as there being no automatic disqualification if ten years or more has elapsed between the date of the application and any one of the following criteria is met:
 1.) the successful completion or service of any sentence, deferred adjudication, or period of probation or parole, or
 2.) a Code of Criminal Procedure Article 893 applicability, or
 3.) an equivalent judicial dismissal process is granted.
The ten year cleansing period set out by the amended portions of Louisiana Revised Statutes 40:1662.6(B)(6b) and40:1662.7(C)(2b) applies to all of the criteria set forth in that amendment and must be done in conjunction with any one of the criteria. The ten year cleansing period commences upon occurrence of any one of the enumerated conditions. Once commenced the subsequent occurrence of an additional condition enumerated in the statute such as Article 893 dismissal, does not have the effect of commencing a new ten year cleansing period. Further, the statute makes no reference to treating any of the criteria differently. Based on this finding, the Code of Criminal Procedure Article 893 is not to be treated distinctly or differently than the other two criteria set out in the statute. In order to avoid the automatic disqualification, there must be a ten year cleansing period coupled with any one of the three criteria set forth in the statute.
If this office may be of further assistance in the future, please do not hesitate to contact us again. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: FRED DUHY
Assistant Attorney General